IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL McNAMARA, etc., )
 )
       Plaintiff, )
 )
  v. )  No. 12 C 4013
 )
JLM FINANCIAL INVESTMENTS, LLC, )
et al., )
 )
       Defendants. )

MEMORANDUM ORDER

All four defendants in this state court action--two limited liability companies and two individuals--have joined in a Notice of Removal ("Notice") to bring the case to this District Court, claiming to invoked the diversity jurisdiction provisions established by statute. Because all federal courts below the Supreme Court are empowered to entertain only such litigation as Congress prescribes, it is of course the burden of the party seeking federal jurisdiction to establish its existence. That duty has not been met here.

Notice ¶¶4, 7 and 8 properly provide the requisite state of citizenship information as to the individual parties on both sides of the "v." sign. But as to the limited liability company defendants, here is all that Notice ¶¶12 and 13 assert:

> 12. Defendant JLM Financial Investments, LLC is an entity organized under the laws of the State of Texas with its principal place of business in Texas. As such, Defendant JLM Financial Investments, LLC is a citizen of the States [sic] of Texas. See, 28 U.S.C. §1332(c)(1).

> 13. Defendant JLM Financial Investments 13, LLC is an entity organized under the laws of the State of Texas with its principal place of business in Texas. As such, Defendant JLM Financial Investments 13, LLC is a citizen of the States [sic] of Texas. <u>See</u>, 28 U.S.C. §1332(c)(1).

As that language reflects, those paragraphs speak only of facts that are jurisdictionally irrelevant where a limited liability company is involved. Those quoted allegations ignore nearly 14 years of repeated teaching about such parties from our Court of Appeals (see, e.g., <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since then, exemplified by <u>White Pearl Inversiones S.A. v. Cemusa, Inc.</u>, 647 F.3 684, 686 (7th Cir. 2011) and by other cases cited there).

This Court has a mandated obligation to "police subject matter jurisdiction sua sponte" (<u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005)). There is really no excuse for defense counsel's lack of knowledge of such a firmly established principle after well over a full decade's repetition by our Court of Appeals and others.

With the removing defendants having thus flunked their legal obligation, it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)). And that being the case, this Court complies with the consequent mandate of that same subsection by ordering this action to be remanded to the Circuit Court. To permit the parties to proceed with the merits of their dispute without

2

further delay, the Clerk of Court is ordered to mail a certified copy of the order of remand to the Clerk of the Circuit Court forthwith.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:  May 29, 2012